**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE THE HOME DEPOT, INC. SHAREHOLDER DERIVATIVE LITIGATION | LEAD CASE NO. 1:15-CV-2999-TWT |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, a consolidated derivative action is pending before this Court styled *In re The Home Depot, Inc. Shareholder Derivative* Litigation, No. 15-CV-2999-TWT (the "Consolidated Action");

WHEREAS, Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the Consolidated Action in accordance with the Agreement dated April 21, 2017 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Consolidated Action with prejudice; and (ii) approving the form and manner of the dissemination of the Notices to Current Home Depot Stockholders, attached as Exhibits B and C, respectively to the Agreement; and (iii) scheduling a date for the Settlement Hearing (defined below), pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and

determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of attorneys' fees and expenses in the amount separately negotiated by the Parties and Service Awards to each of the Shareholders;

WHEREAS this Court has considered the Agreement and the exhibits annexed thereto and the arguments of the Parties; and

WHEREAS all capitalized terms contained herein shall have the same meanings as set forth in the Agreement (in addition to those capitalized terms defined herein);

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. This Court has jurisdiction over the subject matter of the Consolidated Action, and the Parties to the Agreement agreed to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

2. The Court does hereby preliminarily approve the Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing (defined below).

3. A hearing (the "Settlement Hearing") shall be held before this Court on September 29, 2017, at 11:00a.m. at the United States District Court for the

Northern District of Georgia, 2188 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309, Courtroom 2108, to (i) determine whether the proposed Settlement of the Consolidated Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and in the best interests of Home Depot and its stockholders; (ii) hear and rule on any objections to the proposed Settlement, the proposed Order and Final Judgment, the proposed Fee and Expense Award and the proposed Service Awards; (iii) determine whether to approve the Fee and Expense Award and Service Awards; and (iv) determine whether the Court should enter the Order and Final Judgment, attached as Exhibit D to the Agreement, which would dismiss with prejudice the Consolidated Action and release the Released Claims.

4. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Home Depot Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

5. Within fifteen (15) business days after the entry of this Order, Home Depot shall cause a notice of the Settlement Hearing, in substantially the form attached as Exhibit C to the Agreement (the "Notice") to be posted by Home Depot's at thdderiv.com. Plaintiffs' Counsel shall cause the Notice to be posted at

the websites of Faruqi & Faruqi, LLP at www.faruqilaw.com/settlement-notices and Schubert Jonckheer & Kolbe at www.classactionlawyers.com. Additionally, within fifteen (15) business days after the entry of this Order, Home Depot shall cause a Summary Notice, in substantially the form attached as Exhibit B to the Agreement, to be published once in *Investor's Business Daily.*

6.  The form and method of notice provided in the preceding paragraph is the best notice practicable, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice, and meets the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution, and other applicable law.

7.  At least twenty-eight (28) calendar days prior to the Settlement Hearing, Defendants' counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, of distribution of the Notices.

8.  At least twenty-eight (28) calendar days prior to the Settlement Hearing, Plaintiffs' Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of posting of the Notice.

9.  All papers in support of the Settlement, the Fee and Expense Award, and the Service Awards shall be filed with the Court and served at least twenty-five (25) calendar days prior to the Settlement Hearing.  The Parties shall file with

the Court and serve responses to any objections filed pursuant to ¶ 10 below at least seven (7) calendar days prior to the Settlement Hearing.

10. Any Current Home Depot Stockholder may object to the Settlement of the Consolidated Action, the proposed Order and Final Judgment, the proposed Fee and Expense Award, and/or the Service Awards, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing. To object, such stockholders must submit copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of current ownership of Home Depot common stock, including the number of shares of Home Depot common stock and the date or dates of purchase; (c) a written statement explaining the person's or entity's objection and the reasons for such objection; and (d) any documentation in support of such objection. Any objection should not exceed twenty-five (25) pages in length. If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing. Such materials must be filed with the Clerk of the United States District Court for the Northern District of Georgia – Atlanta Division and sent by first class mail to the following addresses

and postmarked at least twenty-one (21) calendar days before the Settlement Hearing:

>   FARUQI & FARUQI, LLP
>   Stuart J. Guber
>   101 Greenwood Ave., Ste. 600
>   Jenkintown, PA 19046
>
>   -and-
>
>   SCHUBERT JONCKHEER & KOLBE LLP
>   Willem F. Jonckheer
>   3 Embarcadero Center, Ste. 1650
>   San Francisco, CA 94111
>
>   -and-
>
>   HOLZER & HOLZER, LLC
>   Corey D. Holzer
>   1200 Ashwood Parkway, Ste. 410
>   Atlanta, GA 30338
>
>   *Counsel for Plaintiffs in the Consolidated Action*
>
>   ALSTON & BIRD
>   John L. Latham
>   1201 West Peachtree Street NW
>   Atlanta, GA 30309
>
>   *Counsel for Defendants*

Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Order and Final

Judgment, the Fee and Expense Award, and the Service Awards; (ii) barred from raising such objection in this Consolidated Action or any other action or proceeding related thereto; and (iii) bound by the Order and Final Judgment and the releases of claims therein.

11.  Pending final determination of whether the Settlement should be approved, all proceedings in the Consolidated Action and all further activity between the Parties regarding or directed toward the Consolidated Action, save for those activities and proceedings relating to the Agreement and the Settlement, shall be stayed.

12.  Pending the Effective Date of the Agreement or the termination of the Agreement according to its terms, Shareholders and/or any Home Depot stockholder derivatively on behalf of Home Depot are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

13.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Home Depot Stockholders.

14. All Current Home Depot Stockholders shall be bound by all orders, determinations, and judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to Home Depot's stockholders.

15. The provisions contained in the Agreement (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Consolidated Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Consolidated Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Agreement and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. In the event that the Agreement or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored

to their respective positions in the Consolidated Action as of the last date before the Agreement, and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Consolidated Action or in any other action or proceeding.  In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Consolidated Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc*.

17. In the event the Judgment fails to become final, then it shall be the obligation of Shareholder Counsel to make appropriate refunds or repayments to the Defendants of any attorneys' fees and expenses previously paid within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction.

IT IS SO ORDERED.

DATED: July 14, 2017      **/s/Thomas W. Thrash**
　　　　　　　　　　　　　　The Honorable Thomas W. Thrash, Jr.
　　　　　　　　　　　　　　 Chief United States District Judge