# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE THE HOME DEPOT, INC. SHAREHOLDER DERIVATIVE LITIGATION | LEAD CASE NO. 1:15-CV-2999-TWT |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") of this Court dated _July 14_, 2017, on the application of Plaintiffs for approval of the settlement of this Consolidated Action as set forth in the Stipulation of Settlement and Release Agreement dated as of April 21, 2017, including all exhibits thereto (the "Agreement"). Due and adequate notice having been given by The Home Depot, Inc. ("Home Depot" or the "Company") and Plaintiffs to Current Home Depot Stockholders as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Order and Final Judgment ("Judgment") incorporates herein the Agreement, including the exhibits thereto. Unless otherwise defined herein, all

capitalized terms used herein shall have the same meanings as set forth in the Agreement.

2.    This Court has jurisdiction over the subject matter of the Consolidated Action, and the Parties to the Agreement have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

3.    The record shows that Notices have been given to all Current Home Depot Stockholders in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such Notices: (i) constitute reasonable and the best notice practicable under the circumstances; (ii) constitute notice that was reasonably calculated, under the circumstances, to apprise all Current Home Depot Stockholders who could reasonably be identified of the pendency of the Consolidated Action, the terms of the Settlement, and Current Home Depot Stockholders' right to object to and to appear at the settlement fairness hearing held on _October 2_, 2017 (the "Settlement Hearing"); (iii) constitute due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure; and (iv) meet the requirements of due process.

4.    In light of the benefits to the Company and the complexity, expense and possible duration of further litigation against the Defendants, the Court hereby

fully and finally approves the Settlement, pursuant to Rule 23.1(c), as set forth in the Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of Home Depot and its stockholders. This Court further finds the Settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Home Depot, Home Depot's stockholders, and the Individual Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Agreement. The Consolidated Action and all claims contained therein, as well as all of the Released Claims, are dismissed on the merits and with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Agreement and in this Judgment.

6. The Court finds that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

7. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

waived, released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Agreement.

8.    Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Shareholders and Shareholder Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Consolidated Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Agreement.

9.    The provisions contained in the Agreement (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Consolidated Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Consolidated Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim

based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.    The Court hereby approves a Fee and Expense Award in the amount of $1,125,000.00. The Court also approves a Service Award to each of the Shareholders in the amount of $1,500.00, to be paid out of the Fee and Expense Award.

11.    Payment of the Fee and Expense Award made by Home Depot as specified in Section IV.E.3. of the Agreement shall be immediately releasable upon the entry of this Judgment, notwithstanding the existence of any collateral attacks on the Settlement, the Fee and Expense Award and/or the Service Award including, without limitation, any objections or appeals.

12.    Shareholders and/or any Home Depot stockholder derivatively on behalf of Home Depot are permanently barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

13.    Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement, the Settlement,

and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Shareholders, Defendants, and each Current Home Depot Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the Agreement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

14. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Judgment shall be vacated, and all orders entered and releases delivered in connection with the Agreement and this Judgment shall be null and void, except as otherwise provided for in the Agreement, and the Parties shall be returned to their respective positions immediately prior to the execution of the Agreement.

15. Judgment shall be, and hereby is, entered dismissing the Consolidated Action with prejudice and on the merits. The Court finds that this Order and Final Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _October 2, 2017_

_Thomas W. Thrash_
The Honorable Thomas W. Thrash, Jr.
Chief United States District Judge